UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark Marvin MUSSER, Gary Wayne Harvey, and Joseph Paul Abraham,
Defendants–Appellants.

No. 87–3616.

United States Court of Appeals,
Eleventh Circuit.

Oct. 4, 1988.

Joseph Paul Abraham, pro se.

Peter D. Ringsmuth, Smith & Ringsmuth, Fort Myers, Fla., for Harvey.

Samuel R. Mandelbaum, Smith & Williams, Tampa, Fla., for Musser.

David T. Weisbrod, Tampa, Fla., for Abraham.

Jeffrey S. Downing, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before TJOFLAT, VANCE and COX, Circuit Judges.

PER CURIAM:

Appellants Mark Musser, Gary Harvey and Joseph Abraham were indicted on two counts of conspiracy to possess with intent to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively. Harvey pleaded guilty to both counts, and was sentenced to seven years' imprisonment and a supervised release term of four years. Musser and Abraham were convicted on both counts after jury trial. Musser received the same sentence as Harvey; Abraham was sentenced to ten years' imprisonment and a four-year supervised release term. We affirm.

### A. *Sufficiency of the Evidence*

Musser argues that there was insufficient evidence to sustain his conviction for possession with intent to distribute cocaine because there was no evidence presented that he was ever in actual or constructive possession of the cocaine. Reviewing the evidence in the light most favorable to the Government, *United States v. Thomas*, 676 F.2d 531, 535 (11th Cir.1982), we agree that there was no evidence that Musser ever actually or constructively possessed the cocaine. We hold, however, that there was sufficient evidence to allow the jury to find beyond a reasonable doubt that Musser was guilty of aiding and abetting Harvey and Abraham in their possession with intent to distribute cocaine. Musser's argument is without merit.

### B. *Improper Closing Argument*

Abraham argues that the prosecutor's rebuttal argument was improper and deprived him of a fair trial in two respects: first, the prosecutor's reference to drug dealing as a "dirty, nasty, deadly business" was intended to inflame the jury; and, second, the prosecutor's comment that "each of these Defendants had the opportunity to

subpoena people to come in and to testify on their behalf, just as the Government has that right, and each of these Defendants had the opportunity to make the same requests that the Government had ... to test the bag for fingerprints" was an unfair comment on the defendants' ability to present evidence on their behalf.

In determining whether a prosecutor's comments during closing argument warrant reversal, we must find that the comments were not within the proper scope of argument, and that the comments prejudiced substantial rights of the accused. *United States v. Trujillo*, 714 F.2d 102, 104 (11th Cir.1983). The prosecutor's duty in closing argument is to assist the jury in analyzing the evidence, and he must scrupulously avoid going beyond the evidence to obtain a conviction. *United States v. Dorr*, 636 F.2d 117, 120 (5th Cir. Unit A 1981). Having reviewed the first comment in the context in which it was made, we conclude that, while emotive, it was well within the bounds of proper closing argument. As for the second comment, we conclude that it was a fair response to comments of Abraham's counsel during his closing that the Government should have called a fingerprint expert to establish that Abraham's fingerprints were on the bag of cocaine seized upon his arrest. *United States v. Russell*, 703 F.2d 1243, 1248 (11th Cir.1983). Assuming the comment was otherwise improper or inadmissible, it was invited error, and hence not grounds for reversal. *United States v. Ard*, 731 F.2d 718, 728 (11th Cir.1984).

## C. *Constitutionality of Sentencing Provisions of the Anti–Drug Abuse Act of 1986*

Musser and Harvey assert on various grounds the unconstitutionality of the provisions of the Anti–Drug Abuse Act of 1986 under which they were sentenced. For the following reasons, we reject all of their arguments.

Both argue that the minimum mandatory sentencing provisions constitute cruel and unusual punishment in violation of the eighth amendment of the constitution. This argument is without merit for the reasons stated in *United States v. Holmes*, 838 F.2d 1175, 1178–79 (11th Cir.1988).

Harvey argues that the mandatory minimum sentence which he received is unlawful because 21 U.S.C. § 841(b)(1)(B) is unconstitutionally vague in that it allows the district court to impose a mandatory term of imprisonment *or* a fine *in lieu* of imprisonment.[1] Construing the subsection as a whole, it is clear that a mandatory term of imprisonment is required. The language might have been more precisely drafted, but lack of precision does not render it unconstitutionally vague. *See e.g., High Ol' Times, Inc. v. Busbee*, 673 F.2d 1225, 1229 (11th Cir.1982). Harvey's argument is without merit.

Musser and Harvey both argue that the Act's "substantial assistance" provision embodied in Fed.R.Crim.P. 35(b) and 18 U.S.C. § 3553(e)[2] violates the equal protec-

---

**1.** The challenged section of the statute reads, in pertinent part, as follows:

"In case of a violation of subsection (a) of this section ... such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than forty years ... a fine ... or both."

**2.** 18 U.S.C. § 3553(e) reads:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentenc-

ing Commission pursuant to section 994 of title 28, United States Code.

Fed.R.Crim.P. 35(b) reads:

The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

tion component of the fifth amendment because minor participants and those of relatively low culpability are without sufficient knowledge to avail themselves of the provision. Because the statute does not discriminate on the basis of race or a suspect class, we must uphold it "in the absence of persuasive evidence that Congress had no reasonable basis for drawing the lines that it did." *Holmes*, 838 F.2d 1175.

Congress' desire to ferret out drug kingpins is obviously served by encouraging those with information as to the identity of kingpins to disclose such information. Hence, there is a rational relationship between the statute and Congress' purpose. Moreover, all "minor" figures, are treated similarly by the statute, which belies any claim of unequal treatment. *Cf. United States v. Brandon*, 847 F.2d 625, 631 (10th Cir.1988) (finding no equal protection violation as to those defendants sentenced under the Act between October 27, 1986, and November 1, 1987, to whom § 3553(e) was not even available). Appellants' equal protection challenge to the "substantial assistance" provision is without merit.

■ Appellants also argue that the "substantial assistance" provision is unconstitutional because it delegates to prosecutors unbridled discretion to decide who is entitled to a sentence reduction.[3] Initially, we observe that the only authority "delegated" by the rule is the authority to *move* the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance. The authority to actually reduce a sentence remains vested in the district court, a delegation which Musser does not challenge. Moreover, although the term "substantial assistance" is not defined in the statute, the discretion of prosecutors is limited by considering the "substantial assistance" provision within the overall context of the Anti–Drug Abuse Act itself. *Cf. United States v. Gordon*, 580 F.2d 827 (5th Cir.1978), *cert. denied*, 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978). Finally, appellants' argument ig-

nores Congress' plenary authority in all areas in which it has substantive legislative jurisdiction as long as exercise of that authority does not offend some other *constitutional* provision. *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). Appellants certainly have no constitutional right to the availability of the "substantial assistance" provision, and hence no grounds upon which to challenge Congress' manner of enacting it. Appellants' argument is without merit.

Appellants finally argue that the Anti–Drug Abuse Act's amendment to Rule 35(b) violates the separation of powers doctrine. We have previously found this argument to be without merit in the context of the mandatory minimum sentences, *Holmes*, 838 F.2d at 1178, and reiterate that conclusion here.

### D. *Conclusion*

In view of the foregoing opinion, appellants' convictions are AFFIRMED.

---

**3.** Musser fashions his argument as a straight due process attack. Harvey subsumes the due process argument under a general attack asserting that the "substantial assistance" provision constitutes an unlawful delegation of legislative authority to the executive.