UNITED STATES of America, Plaintiff,

v.

**Donald Gene NELSON, Defendant.**

**Crim. No. 4-89-14.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 1, 1989.

Jerome Arnold, U.S. Atty., John M. Lee, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Earl P. Gray, St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

DOTY, District Judge.

This matter is before the Court upon defendant's motion for a departure from the statutory minimum sentence specified by 21 U.S.C. § 841(b)(1)(B). The Court denied that motion at the time of sentencing but has filed the present memorandum for the purpose of clarifying its reasons for doing so.

Defendant plead guilty to one count of attempting to possess with intent to distribute approximately one kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1). Section 841(b)(1)(B), which sets forth the penalties applicable to defendant's offense, provides that the term of imprisonment shall be not less than five years. Because defendant committed this offense after November 1, 1987, the federal sentencing guidelines are also applicable to this offense. The Court calculated that under the guidelines defendant was subject to a term of imprisonment of 51–63 months.

As part of the plea agreement, defendant and the government agreed that the applicable sentencing guideline range was 63 to 78 months in the custody of the Bureau of Prisons, with the possibility that the applicable range may be lower if the Court found that the defendant had accepted responsibility for his offense conduct. The government also agreed that it would have the option prior to sentencing to make a Sentencing Guidelines 5K1.1 motion for a downward departure if defendant cooperated.

On April 12, 1989, Michael F. Kelly, a Special Agent of the Federal Bureau of Investigation, met with defendant for the purpose of an in-depth interview in an ef-

fort to satisfy the conditions of defendant's plea agreement. According to Kelly's affidavit, however, defendant's responses to questions about past drug transactions were, initially, extremely evasive. Eventually, defendant provided a more detailed statement of his past drug activities, but told Kelly that he was not in a position to provide pro-active assistance to the government and would prefer not to testify in any matters that could be of interest to the government. Kelly further stated in his affidavit that the information provided by defendant has not led to any arrests, informations, indictments, or convictions of any subjects locally, statewide, or at the national level and, standing alone, is not of prosecutive value to the Federal Bureau of Investigation. Based on its evaluation of defendant's cooperation, the government decided that it would not move the Court for a downward departure.

Contending that he made a good faith effort to cooperate, defendant asserts that he is entitled to a departure from the statutory minimum sentence of five years even in the absence of a motion by the government. Although he labeled his motion a § 5K1.1 motion, defendant does not seek a departure from the applicable guideline range of 51 to 61 months; he seeks only a departure from the statutory mandatory five-year minimum sentence[1] so that he may be sentenced at the bottom of the guideline range. Departures from statutorily imposed minimum sentences are governed by 18 U.S.C. § 3553(e).[2]

Section 3553(e) provides:

*Upon motion of the Government,* the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's *substantial assistance* in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e) (Supp. V 1987) (emphasis added).

Although defendant acknowledges that § 3553(e) and § 5K1.1, by their terms, require a motion from the government before the Court may depart from the guidelines or statutory mandatory minimum sentence, he cites *United States v. Justice,* 877 F.2d 664 (8th Cir.1989) in support of his contention that, even in the absence of a motion by the government, the Court may depart from the applicable guideline range or statutory minimum. Although *Justice* involved Sentencing Guideline § 5K1.1, that section is sufficiently analogous to § 3553(e) to provide guidance in this case.

In *Justice,* the defendant entered a plea of guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Justice was sentenced to 71 months imprisonment pursuant to the sentencing guidelines, which specified a range of 63–78 months imprisonment. *Id.* at 665. While the government did not dispute that Justice had made a good faith effort to provide substantial assistance to government authorities,[3] it refused to move for a

---

**1.** Arguably, under the precise terms of the plea agreement, the defendant is not even entitled to have the government consider making a motion pursuant to § 3553(e) since the government promised only to consider moving for a § 5K1.1 departure rather than a departure from the statutory minimum as permitted by § 3553(e). Because of the apparent confusion surrounding the distinction between § 3553(e) and § 5K1.1, the Court will construe the plea agreement against the government, the drafter, and will assume the parties used "§ 5K1.1" as the shorthand for a departure from both the Sentencing Guidelines and the statutory minimum.

**2.** Section 5K1.1 provides: "Upon motion of the government stating that the defendant has made

a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Sentencing Guidelines, Chapter 5, Part K–Departures, Section 5K1.1.

**3.** The government stipulated that Justice attempted to carry out the delivery of drugs to his co-conspirators, identified his associates and financial backers, provided identifying information with respect to his source, attempted to contact his source on two occasions, provided information regarding drug activities, and agreed to provide grand jury and trial testimony as needed.

departure from the sentencing guidelines as is provided for under guideline section 5K1.1. *Id.* at 665.

In dicta, the Eighth Circuit expressed its concern with § 5K1.1's requirement that a motion by the government is necessary before a district judge can depart from the applicable guideline range, especially when the government does not dispute that a good faith effort to provide substantial assistance has been made. Specifically, the Court was concerned that the requirement of a motion by the government places discretion that has traditionally been placed in the hands of the district court in the hands of the prosecutor, that such a requirement prevents review of the prosecutor's decision for abuse of discretion, and that such a requirement gives the prosecutor the role of trier of fact when resolving the disputed factual issue of whether the defendant has made a good faith effort to provide substantial assistance. *Id.* at 667. Because of those concerns, the Eighth Circuit stated that it was inclined to hold that, in an appropriate case, a motion by the government may not be necessary in order for the sentencing court to consider a departure under § 5K1.1. *Id.* at 668. Because resolution of that issue was not necessary to a decision in that case, the panel did not state its reasoning supporting this conclusion or state the circumstances in which a departure in the absence of a motion by the government might be appropriate.

That issue, however, is now squarely before this Court. This Court begins its analysis by noting the *Justice* court's observation that "[i]n order to nullify § 5K1.1's clear mandate requiring a motion before a court may depart below the guidelines in recognition of a defendant's cooperation we would have to conclude either that § 5K1.1 is unconstitutional or that it fails to implement the Congressional directive in 28 U.S.C. § 994(n)." *Justice,* 877 F.2d at 668. (footnote omitted). The Eighth Circuit further observed that, to date, such challenges have been rejected by other courts. *Id.* at 669.

■ In this case, however, there is an alternative avenue of relief available to the defendant. It is a well established principle that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 269, 92 S.Ct. 495, 502, 30 L.Ed.2d 427 (1971). If the government does not fulfill its promise, the plea agreement is considered breached and the defendant is entitled to withdraw his guilty plea or to specific performance of the agreement. *Id.* at 263, 92 S.Ct. at 499; *United States v. Benson,* 836 F.2d 1133, 1136 (8th Cir.1988). Thus, if the government has breached its obligation under the plea agreement to recommend a departure based upon defendant's assistance, this Court may order specific performance of that promise.

■ In order to determine whether the plea agreement has been breached, the Court must determine the extent of the government's obligations under the plea agreement. In the plea agreement the government stated:

> The government will have the option prior to sentencing, to make a motion pursuant to Guidelines Section 5K1.1, which would call for a departure from the sentencing guidelines. As contemplated by the Sentencing Guidelines, the government will determine whether or not any cooperation by the defendant warrants the government's exercise of its option to make a Guideline Section 5K1.1 motion. In any event, the government will advise the court at defendant's sentencing of any cooperation provided by the defendant prior to sentencing.

Although the government clearly reserved the right to determine whether to recommend a downward departure, it has an obligation to make that determination in good faith. *See United States v. McGovern,* 822 F.2d 739, 744 (8th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987).

■ In order to determine whether the government has acted in good faith in refusing to move for a downward departure, the Court must determine the standard by

which defendant's cooperation is to be measured. Defendant argues that § 5K1.1 requires only that he make "a good faith effort to provide substantial assistance". As has been previously noted, however, the language of § 5K1.1 is inapplicable in this case because defendant is seeking a departure only from the statutory mandatory minimum sentence and not from the applicable guideline range. Thus, 18 U.S.C. § 3553(e) provides the relevant standard. Section 3553(e) permits the government to move for a downward departure based upon the defendant's *substantial assistance* in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e) (Supp. V.1987) (emphasis added). Section 3553(e), unlike § 5K1.1, does not provide for the possibility of a departure from the statutory minimum sentence based upon defendant's good faith attempt to assist authorities. Thus, the government, in order to satisfy its obligations under the plea agreement need only determine, in good faith, whether defendant has provided substantial assistance.

Based upon the affidavits submitted by the government and defendant, the Court concludes that defendant did not provide substantial assistance in the investigation or prosecution of another person who has committed a crime or an offense. Accordingly, defendant has not met the requirements for a departure under § 3553(e) and the Court must conclude that the government acted in good faith in refusing to move for a downward departure based upon the defendant's cooperation. Therefore, the plea agreement was not breached and an order of specific performance is not warranted.[4]

For the reasons stated above, defendant's motion for a downward departure is denied.

---

4. Defendant did not request that the Court allow him to withdraw his plea of guilty.