724 F.Supp. 1239 (1989)
UNITED STATES of America, Plaintiff,
v.
Kimberly CURRAN, Defendant.
No. 88-10027-02.
United States District Court, C.D. Illinois.
September 29, 1989.
*1240 K. Tate Chambers, Asst. U.S. Atty., Peoria, Ill., for plaintiff.
Richard H. Parsons, Peoria, Ill., for defendant.

MEMORANDUM OPINION
MIHM, District Judge.
On September 21, 1989, Defendant Kimberly Curran came before this Court to be sentenced. She had previously pleaded guilty to conspiracy to possess with intent to distribute cocaine. In return for her plea of guilty, charges of distribution of cocaine and possession with intent to distribute cocaine had been dropped.
The Sentencing Guidelines provided a sentencing range of 57 to 63 months, while the statute provided a mandatory minimum sentence of five years. 21 U.S.C. §§ 841(b)(1)(B) and 846. This Court determined, however, that the Defendant had provided "substantial assistance" to the Government and that statutory and Sentencing Guideline provisions dealing with reductions for substantial cooperation were unconstitutional. A sentence of 48 months, lower than either the Guideline range or the statutory minimum, was imposed. This opinion is intended to supplement and explain the Court's oral findings on that date.

BACKGROUND
At the sentencing hearing, the United States presented evidence through an FBI agent which established that the Defendant had provided complete and truthful information to the Government regarding her involvement in a multi-kilo cocaine conspiracy. Curran had testified against co-Defendant Donald Meeks at his trial and gave crucial testimony at the sentencing hearing of Charles "Blackie" Spears, another co-Defendant, on the same day she was sentenced. In the absence of her testimony against Blackie Spears, the Government would have been hard pressed to prove the number of kilos for which it argued Defendant *1241 Spears should be held accountable in his sentence. Curran's testimony increased the probable amount of cocaine chargeable to Spears from just over one kilogram to over five kilograms, thus increasing the range from 97-121 months to 188-235 months.
In spite of the Government's position that Defendant Curran had rendered substantial assistance to them, no motion was filed pursuant to either 18 U.S.C. § 3553(e) or § 5K1.1 of the Sentencing Guidelines, requesting the Court to impose a sentence below the mandatory minimum sentence or below the guideline range.
The reason given by the U.S. Attorney for his decision not to file such a motion was that Defendant Curran did not meet the U.S. Attorney's profile for the filing of such a motion. Specifically, the profile requires that, in order to be considered for such a motion, the defendant must have (among other things) participated in covert operations as part of her cooperation. Kimberly Curran's cooperation did not involve any covert activity.
18 U.S.C. § 3553(e) provides in pertinent part:
Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.
Section 5K1.1 of the Sentencing Guidelines authorizes a similar departure from the guideline range:
Upon motion of the Government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
The Court finds that both of these provisions are unconstitutional because they are in violation of a Defendant's rights to substantive and procedural due process.

SUBSTANTIVE DUE PROCESS
The right to substantive due process means that the Government cannot take actions which on the whole runs counter to "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934).
What can be more basic to the scheme of constitutional rights precious to us all than the right to fairness throughout the proceedings in a criminal case?[1] The traditions of the judicial process in this country are based upon the concept of the adversarial process, a process which is designed to allow both sides to argue to a neutral decision maker. Yet the provisions at issue here operate at complete odds with that concept. The defendant cannot approach the decision maker with argument on an issue relevant to length of sentence. See, 28 U.S.C. § 994(n). The court cannot consider the issue sua sponte but must depend upon the Government to raise it; in fact, sometimes, such as in this case, the provisions require the Court to ignore facts of which it already has knowledge and which are indisputably relevant. This process thus not only handcuffs the defendant but also impacts upon the neutrality of the decision maker. The results of such a proceeding simply cannot comport with traditional notions of justice fundamental to our system.
If Congress had merely said that anyone who is convicted of this offense will serve a mandatory minimum sentence of five years, with no exceptions, that would have been constitutional; Congress' power to impose minimum mandatory sentences has withstood numerous constitutional challenges. See, e.g., United States v. Smith, 602 F.2d 834 (8th Cir.1979). (See also cases *1242 cited herein at page 7 upholding Guidelines). But when Congress added the caveat of § 3553(e), it opened the door to a challenge based on substantive due process. It is not that a mandatory minimum sentence is offensive as a matter of law, nor that the United States Attorney's profile itself offends our collective sense of justice. The problem presented here is more basic, more fundamentally troubling. A scheme of ordered liberty is diminished when one party's participation in a fair, adversarial process is limited, as the defendant is limited by § 3553(e) and § 5K1.1.
This Court has always believed that cooperation with the government is something to be encouraged, and drug enforcement is one area where that is doubly true. The Court does not intend that this ruling interfere with the legitimate decision-making prerogative of the executive branch. But where a statute like 18 U.S.C. § 3553(e) or a regulation like § 5K1.1 withholds from the defendant the right to present to the court an issue so intimately related to the appropriate length of sentence, then such a statute or regulation must be struck down as fundamentally unfair.
The final arbiter of the exercise of prerogatives of this nature must rest with the Court. Either side must be able at least to raise the possibility of a downward departure for cooperation.

PROCEDURAL DUE PROCESS
A longer sentence in this case would have deprived Defendant of a significant liberty interest; a sentence in conformance with the Guidelines or with the statute would have been at least nine months longer and a sentence at the mandatory minimum would have been 12 months longer than the one actually imposed. Certainly that is a significant deprivation of liberty. Furthermore, the deprivation would have been the result of a procedure which is inherently unfair because it is tipped too far in favor of the Government.
A defendant has due process rights during the sentencing stage. United States v. Satterfield, 743 F.2d 827 (11th Cir.1984); United States v. Florence, 741 F.2d 1066 (8th Cir.1984); United States v. Pugliese, 805 F.2d 1117, 1122 (2nd Cir.1986); United States v. Johnson, 607 F.Supp. 258 (N.D. Ill.1985). It is true that due process rights at sentencing may be somewhat more limited than during trial, United States v. Palma, 760 F.2d 475 (3rd Cir.1985), Satterfield, 743 F.2d 827. Generally a sentencing proceeding comports with due process requirements so long as the proceeding is not fundamentally unfair. Armstrong v. Dugger, 833 F.2d 1430 (11th Cir.1987).
The Supreme Court has held that four general factors must be evaluated to determine what process is due at sentencing.
(1) the nature of the individual interest;
(2) the risk of error inherent in present methods;
(3) the value of additional safeguards; and
(4) the Government's interest, including fiscal burdens, of any additional safeguards.
Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
Courts have found that a fair sentencing proceeding consists at least of:
(1) imposition of a sentence based on accurate and true information and not on false, misleading information or on groundless inferences or unfounded assumptions; Satterfield, 743 F.2d at 840;
(2) an opportunity to question the proceedings leading to imposition of sentence; Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977);
(3) an opportunity to contest the facts presented or relied upon by the government, Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Satterfield, 743 F.2d at 840;
(4) adequate notice, Shelton v. United States, 497 F.2d 156, 159 (5th Cir.1974); Satterfield, 743 F.2d at 830.
A number of Circuit Courts have considered whether the Guidelines as a whole violate due process and have agreed unanimously that they do not. United States v. Frank, 864 F.2d 992 (3rd Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 2442, 104 *1243 L.Ed.2d 998 (1989); United States v. White, 869 F.2d 822 (5th Cir.) (per curiam), cert. denied, ___ U.S. ___, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989); United States v. Seluk, 873 F.2d 15 (1st Cir.1989); United States v. Vizcaino, 870 F.2d 52 (2nd Cir. 1989); United States v. Bolding, 876 F.2d 21 (4th Cir.1989); United States v. Allen, 873 F.2d 963 (6th Cir.1989); United States v. Pinto, 875 F.2d 143 (7th Cir.1989); United States v. Brittman, 872 F.2d 827 (8th Cir.1989); United States v. Thomas, 884 F.2d 540 (10th Cir.1989); United States v. Harris, 876 F.2d 1502 (11th Cir.1989).
This Court has studied the above cases and finds that the rationales given for upholding the Guidelines as a whole do not translate when applied to the specific provisions at issue here. In fact, in some instances, the discussions support this Court's declaration of unconstitutionality.[2] At any rate, the holdings in the cases cited above do not preclude a finding that § 5K1.1 violates due process.
In most of the above-cited cases discussing the Guidelines generally, the courts held that the Guidelines did not unconstitutionally limit or delegate discretion of the court. This holding has been applied (without much analysis) to challenges brought against § 5K1.1 specifically.
For example, in United States v. Huerta, 878 F.2d 89 (2nd Cir.1989) the court stated that a due process challenge to § 3553(e) and § 5K1.1 "rests on the faulty premise that judicial sentencing discretion cannot be circumscribed." Id. at 94.
Of course such a premise would be faulty, but that is not the basis for the due process objections to these provisions. If Congress chooses to limit the court's discretion in sentencing by imposing a mandatory minimum sentence or by limiting the circumstances in which the sentence can drop below a minimum range, no overwhelming constitutional concerns are implicated. However, when Congress, either directly by statute or indirectly through the Commission's Guidelines, gives the power to initiate the exercise of that discretion to one party and only one party, then something more significant than just a circumscription of the court's discretion has occurred.
In the case of United States v. Musser, 856 F.2d 1484 (11th Cir.1988), the Eleventh Circuit held that the "substantial assistance" provision of 18 U.S.C. § 3553(e) was not an unconstitutional delegation on the theory that it delegated to prosecutors the "sole discretion to decide who is entitled to a sentence reduction." Id. at 1487. See also, United States v. Ayarza, 874 F.2d 647 (9th Cir.1989).
The entire portion of the Musser decision dealing with this issue is quoted below:
Appellants also argue that the "substantial assistance" provision is unconstitutional because it delegates to prosecutors unbridled discretion to decide who is entitled to a sentence reduction. Initially, we observe that the only authority "delegated" by the rule is the authority to move the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance. The authority to actually reduce a sentence remains vested in the district court, a delegation which Musser does not challenge. Moreover, although the term "substantial assistance" is not defined in the statute, the discretion of prosecutors is limited by considering the "substantial assistance" provision within the overall context of the Anti-Drug Abuse Act itself. Cf. United States v. Gordon, 580 F.2d 827 (5th Cir.1978), cert. denied, 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978). Finally, appellants' argument ignores Congress' plenary authority in all areas in which it has substantive legislative jurisdiction as long as exercise of *1244 that authority does not offend some other constitutional provision. Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). Appellants certainly have no constitutional right to the availability of the "substantial assistance" provision, and hence no grounds upon which to challenge Congress' manner of enacting it. Appellants' argument is without merit.
Appellants finally argue that the Anti-Drug Act's amendment to Rule 35(b) violates the separation of powers doctrine. We have previously found this argument to be without merit in the context of the mandatory minimum sentences, [U.S. v.] Holmes, 838 F.2d [1175] at 1178, [(11th Cir.1988)], and reiterate that conclusion here.
856 F.2d at 1487.
It is certainly true that 18 U.S.C. § 3553(e) (and § 5K1.1) "only" give the prosecutor the authority to move for a reduction. It is still up to the court to determine whether the reduction sought by the prosecutor should be granted. But that is a big "only," because if the prosecutor chooses not to make the motion, the Court cannot consider the matter at all, and there is no apparent opportunity for a defendant to appeal the prosecutor's decision.
As to the "plenary authority" of Congress referred to by the Musser court, this Court agrees that Congress has such authority. However, by empowering the prosecutor to raise the matter of a reduction below the mandatory minimum of the Sentencing Guideline range, while at the same time not empowering the defense attorney to raise the same matter for consideration, Congress and the Sentencing Commission have offended some other constitutional provision, that is, due process of law.
It is true that defendants have no inherent right to the availability of the "substantial assistance" provision, but once that provision is made available to one party to the litigation, due process requires that it be made available to all parties to the litigation.
In the case of United States v. White, 869 F.2d 822 (5th Cir.1989), the court held that § 5K1.1 required the government to file a motion with the court reciting the assistance given. 869 F.2d at 828. Apparently following from that premise, the court went on to say:
This policy statement obviously doesn't preclude a district court from entertaining a defendant's showing that the government is refusing to recognize such substantial assistance. The provision accords with the statutory directive.
869 F.2d at 829.
There is no provision in the law which supports that statement. In the absence of special circumstances (e.g., a claim of denial of equal protection based on some invidious classification, such as race), there is no mechanism to challenge a prosecutor's decision not to file a motion for reduction based on substantial cooperation.
Further, the White court's statement that the government is "required" to file such a motion is simply not correct. Section 5K1.1 begins "[u]pon motion of the government...." There is no wording that requires the filing of such a motion. The same is true as to 18 U.S.C. § 3553(e).
By the time a criminal defendant has reached the sentencing stage, all three players  the government, the defendant and the court  are bound together by the constitution and laws in a process designed to result in a sentence which reflects the interests of the government and the people but which is balanced by the rights of the defendant. By freeing the hands of the prosecutor while leaving the defendant and the court bound, § 3553(e) and § 5K1.1 skew the sentencing process in a way that cannot withstand due process scrutiny.
The "fairness" aspect of these provisions has been examined by several courts, which have found that a defendant entering a negotiated plea may have received adequate benefit for cooperation if the government accepted a plea down to a lesser offense or dropped some of the charges. See, e.g., United States v. Justice, 877 F.2d 664 (8th Cir.1989); United States v. Taylor, 868 F.2d 125 (5th Cir.1989); United States v. Nelson, 717 F.Supp. 682 (D.Minn. 1989).
*1245 However, a "benefit of the bargain" analysis, or any other fact-specific analysis, operates under two flawed assumptions, the first being that a court is free under § 3553(e) or § 5K1.1 to inquire into the facts absent a Government motion. Second and more basic is the assumption that the provisions are facially constitutional and can be applied in a manner which comports with due process standards. This Court is of the opinion that they cannot be so applied because they are unconstitutional from the start.
The Court is not dealing with a situation here in which the government breached a plea agreement. The government agreed to and did recommend the minimum sentence. The government had no duty to file any such motion pursuant to the plea agreement or the statute or the Guidelines. That does not end the discussion. Sections 3553(e) and 5K1.1 create an imbalance in the rights of adverse parties in criminal cases; this imbalance is prohibited by due process regardless of the terms of a plea agreement.
Defendants in criminal cases must have access to the same triggering mechanism for downward departures as does the government. Particular provisions in individual plea agreements only set out what the government is bound to do; § 3553(e) and § 5K1.1 allow the government but not the defendant to raise matters not required or prohibited by the plea agreement.
The Court has no doubt that the Government's interest in successfully prosecuting drug dealers is substantial. However, the statute and Guideline give the Government an advantage which is not needed to pursue that interest. When the Government's advantage so significantly deprives the defendant of equal access to the court, and when the advantage serves to increase the risk that a sentence will not reflect the factor of cooperation (as mandated by Congress in § 994(n)), then the procedure must fall under Eldridge's standards.
Likewise a procedure like this one denies to the Defendant an opportunity to contest the facts relied upon by the Government in deciding not to move for a departure. It also apparently offers a defendant no opportunity to challenge the decision. Thus under Gardner and Townsend the provision falls as well.
The concept of fundamental fairness which is imposed by the due process clause requires that a fair hearing precede any government action which deprives an individual of her liberty. In this case, the proceeding did not meet the standards of fundamental fairness; for that reason, § 3553(e) and § 5K1.1 are unconstitutional.

CONCLUSION
The Court indicated at the hearing its concerns with the impacts of these provisions on separation of powers. Although in a certain respect, § 5K1.1 and § 3553(e) do seem to unite the power to prosecute and the power to sentence in the hands of one branch, that union is somewhat attenuated. Because the Court is so convinced that these provisions cannot withstand due process scrutiny, it will not pursue the separation of powers reasoning and makes no ruling in that regard.
Accordingly, as was expressed on September 21 in open court, this Court refuses to be precluded by an unconstitutional statute and Sentencing Guideline from considering this Defendant's substantial cooperation as a basis for downward departure from the statutory minimum or the Guideline range.
NOTES
[1] The Supreme Court "has implicitly recognized a right to fairness in the criminal process as a fundamental right although its `fundamental' nature has not been the subject of a specific decision." Nowak, Rotunda and Young, Constitutional Law (Second Edition) p. 460. See also cases cited therein at n. 21.
[2] In particular, the Court notes that, while the Guidelines as a whole may give the defendant the right to appear, to offer evidence, and to challenge the Government's evidence, Vizcaino, 870 F.2d at 56, § 5K1.1 does just the opposite. The same can be said for the argument that there is no right to an individualized sentence, Pinto, 875 F.2d at 144-45; that is certainly true. However, once a procedure is put into place, that procedure must meet due process standards. A hearing at which only the prosecution has the power to decide whether certain unarguably relevant evidence can be considered cannot meet those standards.