tial sources.*

UNITED STATES of America, Plaintiff,

v.

**Grady NELSON, Defendant.**

Crim. A. No. 89–12.

United States District Court,
E.D. Kentucky, at Pikeville.

March 29, 1990.

Thomas L. Self, Asst. U.S. Atty., Lexington, Ky., for plaintiff.

Stephen W. Owens, Kelsey E. Friend Law Firm, Pikeville, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

FORESTER, District Judge.

This matter is before the Court upon the motion of the defendant for relief from or to amend judgment. The United States has filed a response objecting to the motion. Pursuant to a request of the Court, the parties have also filed supplemental memoranda addressing issues raised by the United States in its response. The motion concerns the defendant's ability under the federal sentencing guidelines to file a motion seeking reduction of his sentence based upon "substantial assistance."

## BACKGROUND

The defendant pled guilty to a single count of knowingly and intentionally possessing with intent to distribute and distributing approximately 110 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). As part of a plea agreement with the government a similar second count of the indictment was dismissed. The recently promulgated sentencing guidelines were in effect at the time of the defendant's commission of the crime and his sentencing.

The Court subsequently imposed a sentence of incarceration of twenty-one (21) months and three years of supervised release. The 21 month sentence represented

* Editor's Note: The remainder of the Recommendation was not adopted by Judge Garcia and is not published.

the bottom end of a 21–27 month range suggested by computations under the federal sentencing guidelines.

Prior to sentencing and during preparation of the presentence report, the defendant through his counsel lodged an objection with the probation officer regarding the presentence report. The objection was addressed by the Court at the sentencing hearing. The defendant contended he was entitled to a downward departure of his sentence below the indicated guideline range due to "substantial assistance" provided to the government in furthering its investigation of other individuals involved in drug activity.

The Court denied the defendant's objection concerning substantial assistance on the ground that the law only authorized the Court to depart below the indicated guideline range in this circumstance where the government files a motion. In the instant case the government has not filed a motion for reduction of the defendant's sentence based upon substantial assistance.

The assistant United States attorney represented at the sentencing hearing that he had not and would not move the Court to reduce the defendant's sentence because the defendant's actions did not constitute "substantial assistance" to warrant a motion. The United States characterized the defendant's cooperation in pursuing other suspected individuals as limited.

The Court instructed defendant's counsel at the sentencing hearing to provide any additional legal authority that he might obtain in later research efforts on this issue. As a result of those efforts, the defendant has now filed the current motion for relief from or to amend judgment, to which the United States has filed a response.

## DISCUSSION

The defendant challenges the Court's lack of authority to depart below the indicated guideline range except where the government has filed a motion. The defendant argues that he should be able to file a motion seeking departure from the guidelines where he has provided substantial assistance, notwithstanding the government's failure to file a motion.

Arguments in recent cases concerning the constitutionality of the guideline provisions (that require a motion of the government for the Court to consider a downward departure of a sentence based on a defendant's substantial assistance) center on the delegation of decision-making authority to the government in deciding when to make a motion and the due process concerns of denying the defendant an equal opportunity to make the motion. In addition, arguments have been advanced that the particular provision of the sentencing guidelines fails to implement the Congressional directive of 28 U.S.C. § 994(n). However, various courts appear to be dividing on the issues posed in this circumstance.

Rule 35(b) of the Federal Rules of Criminal Procedure authorizes the Court to lower a defendant's sentence, upon motion of the United States, "to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense," as provided by guidelines promulgated by the Sentencing Commission. Congress recognizes the same mechanism by statute for consideration of substantial assistance motions:

> *Upon motion of the Government*, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e) (emphasis added).

Section 5K1.1 of the sentencing guidelines, in effect at the time of the defendant's sentencing, provides similar authority, following the statutory mandate concerning substantial assistance motions:

> *Upon motion of the Government* stating that the defendant has provided sub-

stantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The Commentary to this section of the guidelines, Application Note 3, also expounds on deference to the government in making substantial assistance motions:

Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain.

Thus, the rules, statutes and guidelines all consistently provide that the Court has the authority to reduce a defendant's sentence below the guidelines range due to the defendant providing substantial assistance, but may do so *only* upon motion of the United States. As previously indicated, the United States does not plan on filing such a motion. Thus, the issue presented is whether a defendant may file a substantial assistance motion in spite of the government's failure to file a motion. The Sixth Circuit has not addressed this issue.

One argument advanced challenging the guidelines concerns the drafting of the guideline provision itself. Congress authorized the Sentencing Commission to "assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed ... to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 28 U.S.C. § 994(n). Four circuits have directly rejected an argument that § 5K1.1 of the sentencing guidelines fails to implement the Congressional directive contained within the enabling legislation authorizing promulgation of the guidelines. *See U.S. v. Ayarza*, 874 F.2d 647, 653 n. 2 (9th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990); *U.S. v. White*, 869 F.2d 822, 828–29 (5th Cir.1989); *U.S. v. Grant*, 886 F.2d 1513, 1514 (8th Cir.1989); *U.S. v. Lewis*, 896 F.2d 246 (7th Cir.1990); *U.S. v. Donatiu*, 720 F.Supp. 619, 628 (N.D.Ill. 1989).

The first court to tackle these issues upheld a constitutional challenge to the provisions. In *United States v. Musser*, 856 F.2d 1484 (11th Cir.1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989), the Eleventh Circuit considered an argument that the law unconstitutionally delegates to prosecutors the unbridled discretion of deciding who is entitled to a substantial assistance sentence reduction. The court responded:

Initially, we observe that the only authority "delegated" by the rule is the authority to *move* the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance. The authority to actually reduce a sentence remains vested in the district court, a delegation which Musser does not challenge. Moreover, although the term "substantial assistance" is not defined in the statute, the discretion of prosecutors is limited by considering the "substantial assistance" provision within the overall context of the Anti–Drug Abuse Act itself.

*Id.* at 1487 (emphasis in original).

The court also dismissed the defendant's argument that the provisions deprive him generally of due process. The court found that defendant lacked a substantive right on which to assert a due process deprivation:

[A]ppellants' argument ignores Congress' plenary authority in all areas in which it has substantive legislative jurisdiction as long as that authority does not offend some other *constitutional* provision. *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). Appellants certainly have no constitutional right to the availability of the "substantial assistance" provision, and hence no grounds upon which to challenge Congress' manner of enacting it. Appellants' argument is without merit.

*Id.* (emphasis in original).

Two other circuits have followed *Musser* in upholding constitutional challenges to the provisions requiring substantial assistance motions by the government. *See Ayarza*, 874 F.2d at 653; *U.S. v. Huerta*,

878 F.2d 89, 92 (2nd Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); *U.S. v. Rexach,* 713 F.Supp. 126, 129 (S.D.N.Y.1989). *See also U.S. v. Alamin,* 895 F.2d 1335 (11th Cir.1990); *U.S. v. Bruno,* 897 F.2d 691 (3rd Cir.1990); *Donatiu,* 720 F.Supp. at 628–29. *Cf. U.S. v. Wright,* 873 F.2d 437 (1st Cir.1989) (reinforcing requirement of substantial assistance motion by government, however, parties did not argue and court did not consider constitutional arguments).

In *Huerta,* the Second Circuit elaborated on the due process argument advanced by the defendant. The court stated that "Huerta's due process claim rests on the faulty premise that judicial sentencing discretion cannot be validly circumscribed.... [H]owever, there is no right to individualized sentencing, and Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion...." 878 F.2d at 94.

A few courts have left open the possibility that a defendant may bring a motion for reduction of sentence based upon his substantial assistance notwithstanding the government's failure to bring the motion. In addition, two courts have held the requirement of a government motion to be unconstitutional as a violation of due process.

In *White, supra,* the Fifth Circuit left open the possibility that the government was not necessarily the sole source for a motion authorizing courts to consider sentence reductions based upon substantial assistance, in spite of the language of the statute and the guideline provision. In discussing whether § 5K1.1 of the guidelines comports with the enabling legislation, the court noted:

> The requirement of guideline 5K1.1 that the government file a motion is predicated on the reasonable assumption that the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance and that it would be the rarest of cases in which the government would be unwilling to recognize that assistance. *This policy state-*

> *ment obviously does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize such substantial assistance.* The provision accords with the statutory directive.

*White,* 869 F.2d at 829 (emphasis added).

The Eighth Circuit has also hinted, albeit in *dicta,* that a court may have authority to consider a downward departure from a guideline sentence on grounds of substantial assistance without a government motion. In *United States v. Justice,* 877 F.2d 664 (8th Cir.1989), the court ultimately held that a plea agreement between the defendant and the government encompassed a benefit to the defendant rewarding his cooperation. The court found that the defendant "avoided a charge that carried a statutory minimum sentence of five. Therefore, he received the benefit of his cooperation during the charging phase of this case...." *Id.* at 669.

Before arriving at this conclusion, however, the court discussed what remedy a defendant may have where he has provided substantial assistance but the government refuses to file a motion for sentence reduction:

> In order to nullify § 5K1.1's clear mandate requiring a motion before a court may depart below the guidelines in recognition of a defendant's cooperation we would have to conclude either that § 5K1.1 is unconstitutional or that it fails to implement the Congressional directive in 28 U.S.C. § 994(n). To date such challenges have been rejected by the courts.... While we recognize that § 5K1.1 allows the district court, upon motion of the government, to depart below the guidelines to reward a defendant's cooperation, we are not positive that this provision, in the absence of a motion by the government, would divest a sentencing court of the authority to depart below the guidelines in recognition of a defendant's clearly established and recognized substantial assistance to authorities. *We believe that in an appropriate case the district court may be empowered to grant a departure not-*

*withstanding the government's refusal to motion the sentencing court if the defendant can establish the fact of his substantial assistance to authorities as outlined above. Nevertheless we are not prepared to decide this issue based on the record currently before us.*

Thus, while we are inclined to hold that a motion by the government may not be necessary in order for the sentencing court to consider a departure based on substantial assistance to authorities, we need not reach this issue.

*Id.* at 668–669 (emphasis added; footnote omitted; citations omitted). *See also Grant,* 886 F.2d at 1514 ("[w]e need not consider the related question of whether a prosecutor's arbitrary or bad faith refusal to move for a section 5K1.1 departure violates due process because Grant has not presented the issue to this court").

Last year the Supreme Court upheld the constitutionality of the sentencing guidelines against a challenge based upon separation of powers and delegation of authority grounds. *Mistretta v. U.S.,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). However, the Supreme Court was not called upon in that case to consider due process issues. Two courts have now held that the provisions at issue in this case violate due process and are unconstitutional. The first court to begin the attack, *U.S. v. Curran,* 724 F.Supp. 1239 (C.D.Ill. 1989), relied both upon substantive and procedural due process grounds for invalidating both 18 U.S.C. § 3553(e) and § 5K1.1 of the sentencing guidelines. The court addressed the central reasoning in the other cases upholding the constitutionality of the provisions:

It is true that defendants have no inherent right to the availability of the "substantial assistance" provision, but once that provision is made available to one party to the litigation, due process requires that it be made available to all parties to the litigation.

*Id.* at 1244. *Curran* is currently on appeal to the Seventh Circuit Court of Appeals. Therefore, the holding of the case is not final.

A federal district judge in the District of Columbia has also recently upended the guidelines. *U.S. v. Roberts,* 726 F.Supp. 1359 (D.D.C.1989). However, that court held the entire Sentencing Reform Act and Sentencing Guidelines are unconstitutional, violating due process rights of criminal defendants by *de facto* transfer of sentencing authority from judge to prosecutor.

The *Roberts* court also discussed the specific issue posed here regarding the mandate of government motions for cooperation reductions of sentences. The court agreed with the discussions in *Curran* and *Justice:*

Like these tribunals, this Court is of the view that to preclude a defendant from contesting the refusal of the prosecution to acknowledge his substantial cooperation with law enforcement authorities so as to establish his eligibility for sentencing leniency under law, is to violate his due process rights.

*Id.* at 1374.

This Court would note one other circumstance pertinent to these issues. There is no provision in the instant plea agreement containing a promise by the government to file a motion if defendant Nelson supplied substantial assistance. However, the existence of a plea agreement with such a provision can effectively sidestep the potential problems posed with these issues. For example, it is clear that once plea agreements are accepted and filed by a court, they are considered and interpreted as any other contract. *See Santobello v. New York,* 404 U.S. 257, 269, 92 S.Ct. 495, 502, 30 L.Ed.2d 427 (1971). In addition, by law all contracts contain an implied covenant of good faith and fair dealing.

Thus, where a defendant obtains a promise from the government in a plea agreement to file a motion for reduction of sentence in the event the defendant renders substantial assistance, the defendant may file a motion to compel specific performance of the plea agreement provision if the government in bad faith refuses to file the motion. This situation differs from the issues discussed above and does not implicate the issue of whether the govern-

ment must file the motion. *E.g., Huerta,* 878 F.2d at 93; *U.S. v. Galan,* No. 89 Cr 198, 1989 WL 63110, 1989 U.S. Dist. LEXIS 6383 (S.D.N.Y. June 8, 1989); *U.S. v. Nelson,* 717 F.Supp. 682 (D.Minn.1989); *Donatiu, supra.*

▆▆▆ Although neither the United States Supreme Court nor the Sixth Circuit Court of Appeals has addressed the issues posed in this case, this Court agrees with the decisions upholding the requirement of a motion by the government before authorizing the court to consider a downward departure for substantial assistance. This Court agrees that defendants do not have a constitutional or inherent right to a sentence reduction for aiding authorities. Furthermore, such cooperation by defendants is already properly considered by judges in deciding a sentence within the guideline range. Sentencing Guidelines § 1B1.4; *Alamin,* 895 F.2d 1335.

Since defendants have no constitutional right to a reduction in their sentence based upon substantial assistance, this Court cannot conclude that the statutory and guideline provisions are unconstitutional. The authorities are clear that Congress has significant authority to decide appropriate penalties for federal offenses and may statutorily craft the amount of discretion that will lie with judges in imposing sentences. The guidelines reflect assertion of this legislative power.

In any event, significant practical circumstances operate to check the power of the prosecutor in deciding whether to file substantial assistance motion. First, the failure of the government to file motions where defendants have given substantial assistance in the pursuit of other criminals would have a negative effect on the likely cooperation of defendants. The aid of defendants is imperative to effective law enforcement. Any hinderance to the assistance of defendants would not be logical.

Secondly, defendants in negotiating plea agreements can use their knowledge and ability to assist the government in apprehending and prosecuting other individuals as a bargaining "chip" in their favor. By obtaining a promise from the government in the plea agreement that the prosecutor will file a motion for reduction of sentence if the defendant provides substantial assistance to the government, the defendant effectively empowers the court with authority to review the government's failure to file a motion for lack of good faith. Promises in plea agreements are treated as any other contracts, and defendants can file motions seeking to compel specific performance of the plea agreement where the government breaches its duty of good faith and fair dealing in refusing to file a motion.

## CONCLUSION

Therefore, the Court has determined that it lacks authority to consider a downward departure based upon substantial assistance of the defendant without a motion of the government.[1] In accordance with the foregoing, and since there is no motion of the government to depart below the defendant's sentencing guideline range based upon substantial assistance pursuant to either 18 U.S.C. § 3553(e) or § 5K1.1 of the sentencing guidelines, it is hereby ORDERED that the defendant's motion for relief from or to amend the judgment is DENIED.

▆▆▆▆▆▆

---

1. The Court does not address whether the defendant has actually rendered "substantial assistance" to authorities in this case. For the purposes of deciding the instant motion, it suffices to conclude that the Court lacks authority to consider the issue of a downward departure based upon substantial assistance.