**UNITED STATES of America, Plaintiff,**

**v.**

**Victoria SEVERICH, Defendant.**

**No. 87–556–Cr–ARONOVITZ.**

United States District Court,
S.D. Florida.

Jan. 12, 1988.

Robert Ciaffa, Asst. U.S. Atty., Miami, Fla., for U.S. ·

Faith Mesnekoff, Asst. Federal Public Defender, Miami, Fla., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DECLARE SUBSTANTIAL ASSISTANCE AND MINIMUM SENTENCE PROVISIONS OF THE ANTI–DRUG ABUSE ACT OF 1986 UNCONSTITUTIONAL

ARONOVITZ, District Judge.

Defendant Victoria Severich was charged in a two-count Indictment with importation of at least 500 grams of cocaine in violation of Title 21 U.S.C. §§ 952(a) and 960(a)(1), as well as intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This was an airport arrest at the Customs Enclosure wherein the defendant was found with packages of cocaine secured to her body. She entered a guilty plea to Count II of the Indictment, subject to a Plea Agreement. Thereafter, she filed an extensive Motion for an Order Declaring Amendments to Sentencing Provisions of 21 U.S.C. Sections 841 and 960 As Applied To Section 952 Invalid. This matter was referred to the

Honorable Samuel J. Smargon, United States Magistrate, who received and examined extensive memoranda of law submitted by both sides.

The United States Magistrate has submitted a Report and Recommendation dated December 23, 1987 wherein he recommends that the Motion be denied. Defendant has filed Objections to that Report. As the United States Magistrate points out, this is a case of first impression, at least in this Circuit. Accordingly, the Court has, on its own initiative, carefully reviewed the Motion and memoranda of law submitted by the parties, the Court file herein, and has conducted its own independent review of the law. This Court concludes that the Report of the United States Magistrate is well-taken and clearly analyzes the law applicable and pertinent to the Motion. It correctly reflects that the attacked provisions are Constitutional. Accordingly, it is

ORDERED and ADJUDGED that the Report and Recommendation of the United States Magistrate, dated December 23, 1987, a copy of which is hereby appended to this Order, is hereby RATIFIED, AFFIRMED, APPROVED and ADOPTED as the Order of this Court. The Motion is DENIED and the attacked Sections of the Anti–Drug Abuse Act of 1986, Public Law # 99–570, are hereby found and declared to be Constitutional and valid, notwithstanding the attacks made thereon by the subject Motion.

Sentencing of the defendant Victoria Severich shall proceed at a sentencing hearing to be set by separate Order entered under even date herewith.

Defendant's Objections to the Report and Recommendation of the United States Magistrate be and they are hereby DENIED and OVERRULED.

REPORT AND RECOMMENDATION

December 23, 1987.

SAMUEL J. SMARGON, United States Magistrate.

This cause is before the Court upon defendant's motion for an order declaring unconstitutional the substantial assistance and minimum sentence provisions of the Anti–Drug Abuse Act of 1986. This cause was referred by the Honorable Sidney M. Aronovitz, United States District Judge, for a report and recommendation in accordance with 28 U.S.C. § 636.[1]

A. *Procedural posture.*

Defendant was charged by indictment returned in this District on August 18, 1987 with violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 18 U.S.C. § 2 (Count I) and 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II). Those charges stemmed from the August 9, 1987 discovery at the Miami International Airport by a United States Customs Inspector of four packages secured to defendant's stomach following her deplaning a Bolivia to Miami flight. The packages contained approximately eight pounds of cocaine.

On October 26, 1987, defendant agreed to plead guilty to Count II and in exchange the government agreed to dismiss Count I. Sentencing is scheduled for December 28, 1987, in anticipation of which defendant filed the instant motion. Her claims focus upon two sections of the Act which are reproduced, in relevant part, below:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C.A. § 3553(e) (West Supp.1987).

In the case of a violation of subsection (a) of this section ... such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years ..., a fine not to

---

**1.** That Order refers the entire cause for a report and recommendation. The following Report, however, is limited to consideration of defendant's motion.

exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual ... or both.

21 U.S.C.A. § 841(b)(1)(B) (West Supp. 1987).

Defendant contends that the Act is unconstitutional facially and as applied. A LEXIS search conducted on December 21, 1987 confirmed that defendant presents a case of first impression. We consider her arguments in turn.

### B. *Facial challenge.*

The Supreme Court recently considered a facial challenge to Congress' Bail Reform Act. The Court's observation is instructive here.

> A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.

*United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987).

Federal statutes, this Circuit has recognized, "are presumptively valid unless it be shown that the statute in question bears no rational relationship to a legitimate legislative purpose (citations omitted)." *United States v. Middleton,* 690 F.2d 820, 822 (11th Cir.1982), *cert. denied,* 460 U.S. 1051, 103 S.Ct. 1497, 75 L.Ed.2d 929 (1983). Those principles provide the standard against which defendants three grounds for invalidating the Anti–Drug Abuse Act of 1986 will be measured.

■ First, defendant contends that the substantial assistance provision is irreconcilably inconsistent with the Act's mandatory minimum sentencing provisions. She relies upon legislative history for expressions that mandatory minimum sentencing affords certainty by closing hatches from which major drug offenders formerly escaped prison terms, Motion at 4, and that judges are no longer permitted to suspend sentences once professional criminals are convicted, *id.* at 5. Instead, she asserts, the substantial assistance provision is a loop-hole to those expressions which permits a convicted drug offender to avoid the minimum mandatory penalty.

The government argues that rewarding assistance is crucial to the Act. It relies upon the President's recognition of the practical impossibility of prosecuting those at the highest level of the drug industry without such cooperation. Memorandum In Opposition at 5 (quoting President's Message to Congress Transmitting The Drug Free America Act of 1986, H.R.Doc. No. 99–266, 99th Cong., 2nd Session at 117–18 (Sept. 15, 1986)).

The Act's preamble expresses Congress' desire "to improve enforcement of Federal drug laws and enhance interdiction of illicit drug shipments," yet the legislative history appears silent as to any appropriate and articulated rationale for the substantial assistance feature. Nonetheless, the choice of enabling the courts to impose a sentence below a statutory minimum is not a wholly irrational means of accomplishing the declared objective of improved drug enforcement because Congress may have agreed with the President that effective prosecution of high level drug offenders is enhanced by inducing cooperation of lower level offenders. Under these circumstances, the substantial assistance and minimum mandatory sentence provisions of the Act are internally consistent, with the former operating as a Congressionally prescribed and limited means for avoiding the latter.[2]

■ Second, defendant contends that Congress' failure to define "substantial assistance" impermissibly confers upon the United States Attorney unreviewable discretion. Motion at 8. Similarly, the provision places an inherently judicial function in the executive. *Id.* at 9. Defendant argues, therefore, that the Act violates the doctrine of separation of powers.

Defendant relies for precedent principally upon *Bowsher v. Synar,* 478 U.S. 714, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986). In

---

2. The title of 18 U.S.C. § 3553(e) underscores Congress' recognition of the restricted nature of this strategy: "Limited Authority To Impose A Sentence Below A Statutory Minimum."

*Bowsher,* the Supreme Court declared that the Balanced Budget and Emergency Deficit Control Act of 1985 violated the doctrine of separation of powers where the Congress reserved to itself the power of removal of the Comptroller General, an executive branch officer. The Court explained:

> [b]y placing the responsibility for execution of the ... Act in the hands of an officer who is subject to removal only by itself, Congress in effect has retained control over the execution of the Act and has intruded into the executive function. The Constitution does not permit such intrusion.

*Id.* 106 S.Ct. at 3192.

"To permit the execution of the laws to be vested in an officer answerable only to Congress would," the Court concluded, "in practical terms, reserve in Congress control over the execution of the laws." *Id.* at 3188.

It is unclear from defendant's argument why Congress is not perfectly free to permit the courts, upon motion filed by the United States Attorney pursuant to § 3553(e), to impose a sentence below the minimum which Congress itself prescribed for the offense. Neither *Bowsher* nor any other cases relied upon by defendant advance her proposition that the recommendation of the United States Attorney to impose a sentence below the minimum for a defendant who offered substantial assistance impermissibly permits executive interference in the sentencing process. In fact, the sentencing function is not exclusively judicial and represents potential influence of other branches. Cases dealing with challenges to the court's imposition of a special parole term pursuant to 21 U.S.C. § 841 are illustrative.[3]

■ Third, defendant contends that the purpose of the Act, as reflected by its legislative history, is to establish stiffer penalties for the major drug dealers, the kingpins. Motion at 17. The statute's inability to differentiate between leaders and peripheral actors violates due process, *id.* at 19, and imposes a sentencing scheme which is irrational for its failure to classify according to quality or purity of the narcotic, *id* at 18. Accordingly, defendant argues, the statutory classification lacks relevance to its purpose.

The government urges rejection of this argument, proposing that sentence reduction is a perfectly rational means of treating those drug offenders who offer substantial assistance in the investigation and prosecution of others.

On the basis of the arguments advanced here it is difficult to conclude that defendant has rebutted the presumption of validity this Court must accord to the Act, and indeed, government's argument demonstrates the potential existence of circumstances under which the Act would be valid. *Salerno,* 107 S.Ct. at 2100. For these reasons, defendant's facial challenge must be dismissed.

### C. Challenge to the Act as applied.

■ A challenge to the Act as applied requires a decision as to the Act's constitutionality, based upon the harm caused to the defendant. Defendant contends that the substantial assistance provision violates substantive due process. To succeed upon that claim, she must demonstrate the existence of governmental "conduct that shocks the conscience," *Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952) or that infringes those amendment guarantees "found to be implicit in the concept of ordered liberty," *Palko v. Connecticut,* 302 U.S. 319, 324–25, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937).

Defendant argues that "the imposition of a minimum sentence in her case is irrational and overly severe in view of her inability to render substantial assistance, a position

---

**3.** *See United States v. Carcaise,* 763 F.2d 1328 (11th Cir.1985) (The court rejected defendant's contention that "the statute violates the separation of powers *doctrine* because it gives the courts unrestricted power to determine the sanction for violation of a term of special parole" and concluded that "[t]he legislature may authorize the judiciary to use discretion in imposing these sentences" (footnotes omitted). *Id.* at 1334–35), and *United States v. Lockley,* 590 F.Supp. 1215 (N.D.Ga.1984) ("The determination by a judge of a maximum sanction to be applied to a particular defendant does not offend the principle of separation of powers." *Id.* at 1217).

owing to her minor role in the trafficking scheme and not to any lack of her effort to cooperate. Motion at 14. She asserts that she "did everything she could to assist the government[, y]et the government has refused to request this court to sentence below the minimum mandatory because her assistance did not lead to the arrest and prosecution of someone else." *Id.* at 10 (The details of her efforts at cooperation are recounted in Government's Response To Standing Discovery Order, Attachment (DE 4)).

The government responds that its decision not to seek a sanction reduction in her case is indistinguishable from its discretionary decision to prosecute in the first instance. It relies, by analogy, upon the construction given to Rule 48(a), Fed.R. Crim.P. by the former Fifth Circuit advising judicial deference to the government's decision to terminate prosecution "unless clearly contrary to manifest public interest." *United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976).

The government's interest in combating drug abuse is legitimate and compelling. It is the product of a congressional perception of the need to send a "clear message to those who decide to make their living in the insidious business of drug trafficking that [this nation will] no longer tolerate their activities." 132 Cong.Rec. S14270 (daily ed. Sep. 30, 1986) (statement of Sen. DeConcini). Though the nation is not yet mobilized in the drug war, the Act is "an important beginning" to slowing down drug importation. *Id.* at S14271.

Opposing the government's interest is that of defendant in preserving her liberty. The latter, however, may be "subordinated to the greater needs of society" when the government's interest is "sufficiently weighty." *Salerno,* 107 S.Ct. at 2103.

On balance, the liberty interests of defendant here must give way to the anti-drug abuse strategies advanced by Congress. There exists a rational relationship between the goal of enhanced prosecution of drug traffickers and incentives offered those who cooperate in their prosecution. This relationship is no less valid because defendant, due to her low level of participation, was unable to implicate a drug kingpin through her cooperation which, arguably through no fault hers, proved unfruitful.

The Act, as applied, is not vulnerable to defendant's due process challenge.

For these reasons, it is

RECOMMENDED that defendant's Motion be DENIED.

Within ten (10) days after being served with a copy, any party may serve and file written objections to proposed findings and recommendations within this Report with The Honorable Sidney M. Aronovitz, United States District Judge. 28 U.S.C. § 636(b)(1). *See Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B 1982) (*en banc*).