**UNITED STATES of America, Appellee,**

v.

**Kerry SUTHERLAND, Appellant.**

**No. 89–5319.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 20, 1989.

Decided Dec. 4, 1989.

Scott F. Tilsen, Minneapolis, Minn., for appellant.

James E. Lackner, Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Kerry Sutherland appeals the sentence imposed by the district court[1] after he entered a plea of guilty to one count of bank larceny in violation of 18 U.S.C. § 2113(b). Sutherland was sentenced under the Sentencing Guidelines to eight months' imprisonment followed by two years of supervised release. We affirm.

On appeal, Sutherland challenges the increase for "more than minimal planning," and the court's failure to depart downward to reflect his good faith efforts to assist the government and his mitigating family circumstances. Sutherland argues that the court abused its discretion by not giving him a six-month sentence which would have

---

**1.** The Honorable David S. Doty, United States District Judge for the District of Minnesota.

permitted community or intermittent confinement.

Sutherland argues that the district court incorrectly applied the guidelines by increasing the offense level for "more than minimal planning" under Sentencing Guideline 2B1.1(b)(4) by two levels. We cannot say that the district court abused its discretion in this increase in the offense level. *United States v. Nunley,* 873 F.2d 182, 186 (8th Cir.1989) (involving a guideline permitting decrease for playing a minimal role in criminal activity). Sutherland does not argue that the factual findings are clearly erroneous but argues that the district court's legal conclusion that there was more than minimal planning was in error.

The district court at the sentencing found, with respect to the more than minimal planning requirement, that Sutherland and an accomplice broke into an automatic teller machine, that several months before the offense Sutherland spoke with another employee of the bank who had access to combinations of the automatic teller about robbing the machines, and that the day before the offense he called her and obtained the combination to the automatic teller. There was also evidence that Sutherland arranged for a friend to go to the automatic teller and break it open while he waited outside, which would prevent his picture from being taken by the camera in the machine. After the burglary, the money was concealed in a briefcase at another friend's house. The district court did not abuse its discretion in determining that these facts demonstrated more than minimal planning.

Sutherland also argues that the district court failed to depart downward from the guideline range for failure to take into consideration his unusual family responsibilities. The guidelines, however, provide in section 5H1.6 that "family ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines...." Sutherland's argument has no merit in view of the clear statement in the guidelines with respect to this subject.

Sutherland also argues that the case should be remanded because the district court may have thought it could not grant a departure for "substantial assistance" absent a motion by the government. In *United States v. Grant,* 886 F.2d 1513 (8th Cir.1989), this court held that the requirement in Sentencing Guideline § 5K1.1 of a motion by the government for such a departure is constitutional. Finally, in *United States v. Justice,* 877 F.2d 664, 668–69 (8th Cir.1989), this court stated that in an appropriate case, the district court may be empowered to grant a departure for "substantial assistance" notwithstanding the government's refusal to motion the sentencing court for such a departure. The court, however, need not reward a defendant for his cooperation if that defendant already received the benefit of his cooperation through a plea agreement, as did Sutherland. *Id.* Sutherland's argument is without merit.

Accordingly, we affirm.