UNITED STATES of America, Plaintiff,

v.

**Rudy NAVARRO, Defendant.**

No. 89–0530–CR.

United States District Court,
S.D. Florida.

March 7, 1990.

Donnal S. Mixon, Asst. U.S. Atty., for plaintiff.

J.C. Codias, Miami, Fla., for defendant.

## MEMORANDUM ORDER

RYSKAMP, District Judge.

### I. INTRODUCTION

THIS MATTER is before the court on defendant Rudy Navarro's motion for a modification of his sentence pursuant to 28 U.S.C. § 2255 (1982), filed January 19, 1990.

Navarro was sentenced January 12, 1990, to a five-year sentence, after he pled guilty to one count of possession of cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) (1988). In exchange for this guilty plea, the government agreed to dismiss the second count of the two-count indictment against Navarro, which charged him with conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 (1988). The government also agreed to recommend a two-level re-

duction in the offense level based on Navarro's acceptance of responsibility for his crime and to recommend a sentence at the lower end of the guideline range applicable to his sentence.

The sentence imposed on Navarro was the minimum mandatory prescribed by the sentencing guidelines promulgated by the United States Sentencing Commission, pursuant to the Sentencing Reform Act of 1984.[1] Navarro now attacks that under 28 U.S.C. § 2255, arguing that the court may depart from the minimum mandatory sentence, even without a government motion requesting such a modification, under the substantial assistance provisions in 18 U.S.C. § 3553(e) and Fed.R.Crim.P 35(b).

For the reasons discussed below, Navarro's motion for a modification of sentence is denied.

### II. ANALYSIS

#### A. The Requirement of a Government Motion.

■ Navarro argues that the court can reduce his sentence in recognition of his alleged substantial assistance to the government in a criminal investigation or prosecution, even without a government motion seeking such a reduction. Navarro makes this argument despite the plain language of the substantial assistance provision embodied in 18 U.S.C. § 3553(e) and Rule 35(b) of the Federal Rules of Criminal Procedure. Section 3553(e), which codifies the Sentencing Reform Act of 1984 and the Anti–Drug Abuse Act of 1986, provides:

*Upon motion of the Government,* the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed

---

1. Based on Navarro's total offense level of 24 and a criminal history category of I, the guidelines range for the term of imprisonment was 51–63 months. However, when application of the guidelines results in a sentence below the minimum mandated by statute, the statutory minimum is imposed as the guideline sentence.

U.S. Sentencing Guidelines § 5G1.1(b), 18 U.S. C.A. App. (West P.P.1989). The statutory term of imprisonment for Navarro's offense was 5 to 40 years. 21 U.S.C. § 841(a)(1). Thus, the adjusted guideline range applicable to Navarro was 60–63 months.

in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e) (emphasis added) (1988).

The relevant policy statement issued by the Sentencing Commission states that a court may depart from the guidelines *"[u]pon motion of the government* stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense...." U.S. Sentencing Guidelines § 5K1.1, policy statement, 18 U.S.C.A. App. (West P.P. 1989) (emphasis added).

Similar to section 3553(e) and policy statement section 5K1.1, Rule 35(b) of the Federal Rules of Criminal Procedure provides:

> The court, *on motion of the Government,* may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

Fed.R.Crim.P. 35(b) (emphasis added).

The Eleventh Circuit has upheld the constitutionality of provisions requiring the government to initiate a departure from the sentencing guidelines based on a defendant's substantial assistance, against charges that such provisions constitute a violation of procedural due process, an unlawful delegation of authority to the executive branch, and a violation of the principle of separation of powers. *United States v. Musser,* 856 F.2d 1484, 1486–87 and n. 3 (11th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989). The Eleventh Circuit noted in *Musser* that "[a]ppellants certainly have no constitution-

al right to the availability of the 'substantial assistance' provision, and hence no grounds upon which to challenge Congress' manner of enacting it." *Id.* at 1487; *see also United States v. Severich,* 676 F.Supp. 1209, 1213 (S.D.Fla.1988) (affirming magistrate's decision that upheld substantial assistance provision and adopting reasoning that sentencing not inherently judicial function), *aff'd,* 872 F.2d 434 (11th Cir.1989).

Considering the plain language of the relevant provisions and Eleventh Circuit precedent, this court does not have the discretion to depart from the guidelines sua sponte or on the defendant's motion. Such actions would circumvent the clear intent of Congress and the Sentencing Commission that departures from the guidelines should be rare exceptions to the rule. *See also United States v. Donatiu,* 720 F.Supp. 619, 624 and n. 2 (N.D.Ill.1989) (although perhaps faulty legislation, court should enforce substantial assistance provisions to the letter to effect intent expressed in those provisions). The fact that section 5K1.1 is denominated a "policy statement" does not change this conclusion. *Id.* at 624.

## B. Due Process Considerations.

■ Beyond Navarro's argument that the court is not bound by the express language of section 5K1.1, he challenges the government's application of this section in his case. Because of the government's alleged bad faith in failing to recognize his substantial assistance, Navarro argues that the court may depart from the mandatory minimum sentence for his offense.

The Eleventh Circuit has not considered directly whether a court can depart from the sentencing guidelines because of a prosecutor's arbitrary or bad faith refusal to move for a departure under section 5K1.1. Other federal appellate courts have suggested that such an arbitrary or bad faith refusal to move for a departure may allow the district court to depart from the guidelines sua sponte. *See United States v. Grant,* 886 F.2d 1513, 1514 (8th Cir.1989) (because appellant did not present issue,

not considering whether prosecutor's arbitrary or bad faith refusal to move for § 5K1.1 departure violates due process); *United States v. White*, 869 F.2d 822, 829 (5th Cir.1989), *cert. denied,* — U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989) (policy statement in guideline § 5K1.1 "obviously does not preclude district court from entertaining a defendant's showing that the government is refusing to recognize such substantial assistance").

These decisions suggest that a due process claim, grounded in the principles of substantive due process, may arise if a prosecutor arbitrarily refuses to move for a sentence reduction. Notwithstanding, a violation of substantive due process occurs only in extremely limited situations:

> [S]ubstantive due process is violated only when the government engages in actions which "offend those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses." *Malinski v. New York*, 324 U.S. 401, 416–17, 65 S.Ct. 781, 788–89, 89 L.Ed. 1029 (1945). State conduct, in other words, offends substantive due process when it "shocks the conscience" or constitutes force that is so "brutal" as to "offend even hardened sensibilities." *Rochin v. California*, 342 U.S. 165, 172–73, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952).

*Faucher v. Rodziewicz*, 891 F.2d 864, 871 (11th Cir.1990). A violation of substantive due process also occurs if the government's conduct "infringes those amendment guarantees 'found to be implicit in the concept of ordered liberty.'" *United States v. Severich*, 676 F.Supp. 1209, 1213 (S.D.Fla. 1988), *aff'd,* 872 F.2d 434 (11th Cir.1989) (quoting *Palko v. Connecticut*, 302 U.S. 319, 324–25, 58 S.Ct. 149, 152, 82 L.Ed.2d 288 (1937)).

Clearly, the government's conduct in this case does not infringe on any constitutional guarantees, as prohibited in *Palko v. Connecticut.* As the Eleventh Circuit stated in *Musser*, "[a]ppellants certainly have no constitutional right to the availability of the 'substantial assistance' provision...." *United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989).

Nonetheless, it is possible that the government's refusal to file a section 5K1.1 motion could "shock the conscience" so as to violate substantive due process. No such violation was found by the court in *Severich*, which rejected a substantive due process claim by a defendant who admitted that she was unable to provide substantial assistance but argued that a mandatory minimum sentence was "overly severe in view of her inability to render substantial assistance, a position owing to her minor role in the trafficking scheme and not to any lack of her effort to cooperate." *United States v. Severich*, 676 F.Supp. 1209, 1213–14 (S.D.Fla.1988), *aff'd,* 872 F.2d 434 (11th Cir.1989).

■ A result different from that in *Severich* may obtain when the defendant argues, as does Navarro, that he provided substantial assistance but that the government refuses to recognize that assistance through a 5K1.1 motion. Notwithstanding, such a defendant must show that the government disregarded a specific condition of its plea agreement in order to succeed on a substantive due process claim. This rule is no different from that of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the government expressly promised to file a section 5K1.1 motion in its plea agreement, Navarro would have the remedy of specific enforcement if the government breached its promise. *United States v. Huerta*, 878 F.2d 89, 93 (2nd Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990) (citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)); [2] *United States v. Donatiu*, 720

---

**2.** The decision in *Huerta* was cited by the Second Circuit in *United States v. Soliman*, a case on which Navarro relies to argue that the court has discretion to consider sua sponte his allegations of substantial cooperation. *See United*

States v. Soliman, 889 F.2d 441, 444 (2d Cir. 1989) (citing *United States v. Huerta*, 878 F.2d 89, 93 (2d Cir.1989)). Yet, neither *Soliman* nor *Huerta* aid Navarro's argument. The question before the court in *Soliman* was whether a

F.Supp. 619, 629–30 (N.D.Ill.1989); *see also United States v. Sutherland,* 890 F.2d 1042, 1043 (8th Cir.1989) ("court ... need not reward a defendant for his cooperation if that defendant already received the benefit of his cooperation through a plea agreement ...").[3]

Although it appears that Navarro and the government discussed the possibility of a section 5K1.1 motion being filed, the government never expressly promised to make such a motion in exchange for Navarro's guilty plea. Navarro states that government witnesses "testified that conversations pertaining to substantial assistance had taken place; that letters referring to the filing of a 5K1.1 Motion had been mailed; that conversations pertaining to the authority for the granting of a 5K1.1 Motion had been made." Navarro also states that the prosecution wrote a letter "indicating that it would 'make known to the court the extent and nature of defendant's cooperation.' " He then conclusorily states that "[t]his was part of the plea agreement."

Notwithstanding, none of this establishes that the government expressly promised to file a section 5K1.1 motion and included that promise in Navarro's plea agreement. Considering the facts of this case and the circumscribed nature of substantive due process, the court concludes that the government's refusal to file a 5K1.1 motion does not constitute a constitutional violation.

### III. CONCLUSION

Given the plain language of various provisions involving a defendant's substantial assistance, Eleventh Circuit precedent, and the limitations on substantive due process, the court will not deviate from the mandatory minimum sentence established by Congress for Navarro's offense, absent a section 5K1.1 motion from the government. Although the court is favorably disposed to a 5K1.1 motion, the government has not filed one at this time.

Accordingly, after careful consideration of defendant's motions and the record in this matter, it is hereby:

ORDERED and ADJUDGED that defendant's motion for a modification of sentence is DENIED.

DONE and ORDERED.

---

district court has discretion to consider a defendant's substantial assistance sua sponte when deciding whether to reduce his sentence from one at the *maximum* of the applicable guideline range. As the court noted in *Huerta,* "[s]ection 3553(e) does not foreclose a sentencing court from considering a defendant's cooperation as a mitigating factor in deciding what sentence within the applicable range designated by the Guidelines is appropriate, whether or not the government agrees. This authority is not insubstantial, since the maximum end of the range for imprisonment may be as much as twenty-five percent greater than the minimum." *Huerta,* 878 F.2d at 93. The court's discretion to impose a sentence along the continuum desig-

nated by the guidelines is not equivalent to an authority to sua sponte depart from the mandatory *minimum* sentence set by Congress, the result sought by Navarro.

**3.** The Eighth Circuit decision in *Sutherland* apparently limits earlier statements by that court, on which Navarro relies, which indicated that a district court may grant a departure for substantial assistance without a § 5K1.1 motion. *Sutherland,* 890 F.2d at 1043 (citing *United States v. Grant,* 886 F.2d 1513 (8th Cir.1989); *United States v. Justice,* 877 F.2d 664, 668–69 (8th Cir. 1989)).