UNITED STATES of America, Plaintiff,

v.

**Phy Phong LE, Defendant.**

Nos. 91–213–CR–T–17, 93–1434–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

March 18, 1994.

Phu Phong Le, pro se.

Julie Tingwall, U.S. Attorney's Office, Tampa, FL, for U.S.

## ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 BY A PERSON IN FEDERAL CUSTODY

KOVACHEVICH, District Judge.

This cause is before the Court on the following pleadings: Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and his Memorandum of Law (Docket Nos. 243 and 244); and the Government's Response in Opposition to Defendant's Motion under 28 U.S.C. § 2255 (Docket No. 249).

## I. BACKGROUND

Defendant and six other males took part in a robbery on July 4, 1991, during the course of which they took ten hostages and threatened them, and stole approximately $800,000 worth of computer chips. On July 9, 1991, Defendant turned himself in, claiming he had been forced at gun point to participate in the robbery.

Defendant entered into a plea agreement with the government and pleaded guilty on November 22, 1991 to Count One of the Superseding Indictment, charging him with a violation of Title 18, United States Code, Section 1951. Defendant was not called as a witness at the trials of his co-defendants in January of 1992. On October 22, 1992, Defendant was sentenced. At the sentencing hearing, a Vietnamese interpreter was present to aid Defendant's understanding of the proceedings, and Defendant was questioned regarding his understanding of the plea agreement.

During the sentencing hearing, Defendant's counsel presented argument that Defendant was a minor participant, and that he should be sentenced at the bottom of the guidelines due to his cooperation with the government. The Court then sentenced Defendant to sixty-three months, the lowest sentence possible in light of the downward adjustment for his acceptance of responsibility and the fact that the government had not moved for any type of adjustment. The Court explained its sentence to Defendant, who stated several times that he understood the sentence. The Court asked whether either party had objections to the sentence or the manner in which it was pronounced; neither did.

### A. Defendant's Allegations

Defendant alleges that he was told he would receive a reduction in his sentence by disclosing relevant information and making himself available for interviews by law enforcement officers, and that he has not received the promised sentence reduction. Defendant urges that his counsel was ineffective for failing to object to the government's failure to abide by the plea agreement, and for failing to argue for reductions under U.S.S.G. §§ 3B1.2, 5K2.11 and 5K2.12.

Defendant contends that he is entitled to the remedy of specific performance to compel the government to make a Rule 35 motion, Fed.R.Civ.P. 35, the post-sentencing equivalent of a U.S.S.G. § 5K1.1 motion. Defendant also requests his sentence be vacated because he received ineffective assistance of counsel.

### B. Government's Allegations

The Government alleges that Defendant has not met his burden of showing that the Government's failure to file a substantial assistance motion was for an unconstitutional reason, and that barring an unconstitutional motive, the Government's decision is not reviewable. Furthermore, the Government alleges that Defendant received effective assistance of counsel, as shown by the record, and that Defendant is not entitled to an eviden-

tiary hearing on the issue. The Government urges that Defendant's trial counsel raised all the issues at the Sentencing Hearing that Defendant is now raising. The Government requests this Court to deny Defendant's motion.

## II. ANALYSIS

### A. Substantial Assistance to Authorities

Section 5K1.1, U.S.S.G., provides that "upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." The plain language requires that the government make such a motion, which it has not done in this case.

The Eleventh Circuit has upheld the constitutionality of provisions requiring the government to initiate departure based on a defendant's substantial assistance against charges that such provisions constitute a violation of procedural due process, an unlawful delegation of authority to the executive branch, and a violation of the principle of separation of powers. *United States v. Musser,* 856 F.2d 1484, 1486–7 (11th Cir.1988), *cert. denied* 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989). The *Musser* Court also noted that defendants have no constitutional right to departure based on substantial assistance to the government. *Id.* at 1487.

■ Defendant alleges that under his plea agreement, he was to cooperate fully with the government, disclose all relevant information relating to his charges, and make himself available for interviews by law enforcement officers. In exchange, he would receive a reduction in his sentence. In such a case, a defendant must show that the government disregarded a specific condition of the plea agreement, and if the government expressly promised to file a 5K1.1 motion in its plea agreement, then a defendant would have the remedy of specific performance. *United States v. Navarro,* 732 F.Supp. 1151 (S.D.Fla.1990).

■ In this case, Defendant's plea agreement provided that the government would consider whether his cooperation qualified as substantial assistance under either Section 5K1.1 or Rule 35(b), depending on when his cooperation was complete. The record indicates Defendant's cooperation was complete at the time of his sentencing, so a motion for a sentencing reduction based on substantial assistance would have been made under 5K1.1, if it was deemed appropriate. Defendant's plea agreement provided "In either case, the defendant understands that the determination as to whether he has provided "substantial assistance" rests solely with the government, and the defendant agrees that he cannot and will not challenge that decision, whether by appeal, collateral attack or otherwise." Defendant and his attorney also acknowledged in the plea agreement that the plea was entered into freely and voluntarily, and not in reliance upon any discussions with, or promises by, the government, other than those contained in the agreement. In the plea agreement, Defendant acknowledged that he was not entering into the agreement as a result of threats of force, intimidation or coercion of any kind, nor has he presently alleged any such facts. These facts and the plain language of the plea agreement preclude this Court from finding any express promise by the government to file a substantial assistance motion.

■ The United States Supreme Court, in *Wade v. United States,* held that a court may review a prosecutor's refusal to file a substantial assistance motion if the court finds that the refusal was based on an unconstitutional motive, such as the defendant's race or religion. *Wade v. United States,* —— U.S. ——, ——, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524, 531 (1992). In this case, Defendant has not alleged any unconstitutional motive of the government in not making a substantial assistance motion. Defendant has made an unsupported statement that the government acted in bad faith in its refusal and requests specific performance based on *United States v. Knights,* 968 F.2d 1483 (2d Cir.1992). In *Knights,* the court granted specific performance to a defendant who had pled guilty, cooperated with the government, and then alleged that the government had in bad faith refused to file a substantial assistance motion. The court found the govern-

ment's articulated reasons for not making the motion to be frivolous and insufficient, and therefore rejected them and vacated the sentence for further review as to whether the government had acted in bad faith. *Id.* at 1488.

The Eleventh Circuit, in *United States v. Bushert,* noted a split of authority on whether a district court may review the government's decision for bad faith or only unconstitutional motives. *United States v. Bushert,* 997 F.2d 1343, 1355 (1993). The Eleventh Circuit made its decision on the issue in *United States v. Forney,* where it held an allegation of bad faith refusal was not reviewable because the objection had not been made at sentencing. *United States v. Forney,* 9 F.3d 1492, 1500 (1993). The Court noted that "judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of constitutionally impermissible motivation, such as race or religion." *Id.* at 1502. In the instant case, neither of those elements are present. Defendant has neither alleged an unconstitutional motive, nor is there any evidence showing an unconstitutional motive. In addition, there was no objection at sentencing to the government's failure to file a 5K1.1 motion. For these reasons, under Eleventh Circuit and Supreme Court precedent, this Court finds itself precluded from reviewing the government's decision not to file a 5K1.1 motion.

## B.   Ineffective Assistance of Counsel

The Defendant's second ground for requesting the Court to vacate his sentence is his contention that his counsel did not argue for sentence reductions based on his minimum participant status, lesser harms, and coercion and duress under U.S.S.G. §§ 3B1.2, 5K2.11 and 5K2.12.

■ The proper analysis for Sixth Amendment ineffective assistance of counsel claims is delineated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires the petitioner to show both that counsel did not provide reasonably effective assistance, and that his errors were tantamount to a reasonable proba-

bility that but for the errors, results would have been different. *Id.* at 687–692, 104 S.Ct. at 2064–2067. This analysis also applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In a guilty plea case, the first prong of the test remains the same, and the second prong is that but for counsel's errors, defendant would not have pled guilty and would have gone to trial. *Id.* at 59, 106 S.Ct. at 370–71. These authorities require a highly deferential scrutiny of counsel's performance, and a defendant must overcome a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ Defendant has not met either prong of the *Strickland* test. At sentencing, his attorney strenuously argued for a minor participant reduction, and requested the Court to sentence Defendant at the bottom of the guidelines due to his cooperation with the government. The Court denied a minor participant reduction by adopting the Department of Probation's position that although Defendant was not in a leadership position, he knew what was to take place and participated in the robbery. The Court did, however, overrule the government's objection to sentencing Defendant at the low end of the guidelines, and did sentence him to the lowest sentence it could. Defendant's counsel did not argue for reductions under 5K2.11 and 5K2.12 for lesser harm and coercion and duress at sentencing, but he did articulate Defendant's contention that he had been forced at gunpoint to take part in the robbery to the Department of Probation, and that is reflected in the pre-sentencing investigation report. As the stipulated facts of the plea agreement and the record do not support claims of coercion or that the crime was committed to avoid a perceived greater harm, this Court cannot find counsel's failure to raise them at sentencing unreasonable. For these reasons, the Court finds that Defendant's counsel provided reasonably effective assistance of counsel. As the first prong of the *Strickland* test has not been met, analysis of the second prong is unnecessary.

■ Where the files and records indicate lack of merit of a § 2255 claim, the court is

not required to hold an evidentiary hearing. *United States v. Lagrone,* 727 F.2d 1037, 1038 (11th Cir.1984). An evidentiary hearing is only mandated where there is credible supporting evidence to petitioner's allegations. *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir.1983). Because the files and records in this case clearly indicate the lack of merit in Defendant's claims and there is no supporting evidence, this Court declines to hold an evidentiary hearing on the issues Defendant raises.

## III. CONCLUSION

This Court has determined that Defendant did not show an unconstitutional motive for the government's refusal to file a substantial assistance motion, which finding precludes review of that decision by the Court.

This Court also finds that Defendant has not overcome the presumption that his counsel's conduct was reasonably effective assistance of counsel or shown that his counsel made any errors affecting the outcome of Defendant's case. Accordingly, it is

ORDERED that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody be **denied,** and this case is **dismissed.** The Clerk of Court shall enter a final judgment of dismissal.

DONE AND ORDERED.