UNITED STATES of America, Plaintiff,

v.

Willie BASKIN, Defendant.

No. 90–17–CR–FTM–15, 90–217–CIV–FTM–15.

United States District Court,
M.D. Florida,
Fort Myers Division.

June 27, 1994.

Willie Baskin, pro se.

*ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 BY A PERSON IN FEDERAL CUSTODY*

KOVACHEVICH, District Judge.

This cause is before the court on the Petitioner's *pro se* Habeas Corpus Motion pursuant to 28 U.S.C. § 2255, to Vacate, Set Aside or Correct Sentence filed on June 26, 1992. This type of motion "may be made at any time and unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing." 28

U.S.C. § 2255. In this case, a hearing is not necessary because the motion, files, and records conclusively show that Petitioner is not entitled to relief. Therefore, Petitioner's motion is denied on all alleged grounds.

## I. BACKGROUND

On July 9, 1990, Petitioner Willie Baskin pled guilty to one count of distributing fifty (50) grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The court record shows that Petitioner understood his plea and the maximum penalties he could receive (Dkt. No. 27 pp. 8–9). Petitioner testified that his plea was voluntary and that no threats or promises had been made to induce the plea (Dkt. No. 27 p. 6). When told by the Court that a guilty plea would waive numerous constitutional rights, Petitioner attested that he understood and agreed to waive these rights (Dkt. No. 27 pp. 7–8). Petitioner indicated that he was satisfied with the representation and advice that he received from his attorney (Dkt. No. 27 p. 12). On September 23, 1990 the Petitioner was sentenced to 15 years of incarceration without the possibility of parole (Dkt. No. 28 p. 10). Although the Court gave Petitioner an opportunity to object to the sentence or the manner in which it was pronounced, he did not (Dkt. No. 28 p. 9). Petitioner did not file a direct appeal challenging either his plea or the sentence received.

### A. Defendant's Allegations

Petitioner argues that 1) his plea of guilty was unlawfully induced through coercion; 2) his conviction was obtained in violation of the privilege against self-incrimination; 3) he was denied effective assistance of counsel; and 4) he was denied the right of appeal. At times, Petitioner's motion is unintelligible, or Petitioner states facts that are unrelated to the asserted claim. The Court made every effort to make sense of motion and include the appropriate facts under the appropriate allegation.

### B. Government's Allegations

The Government argues that except for the claim of ineffective assistance of counsel, Petitioner's failure to raise objections at the time of sentencing or on direct appeal prohibits consideration of all of the remaining allegations asserted in Petitioner's § 2255 Motion. Then, on the issue of ineffective assistance of counsel, the Government contends that Petitioner failed to show that his counsel prejudiced the defense to the extent that he would have exercised his right to a jury trial and would not have plead guilty but for his counsel's errors. Without the showing of this element, Petitioner cannot succeed on his claim of ineffective assistance of counsel.

## II. ANALYSIS

### A. Plea of Guilty was Unlawfully Induced through Coercion

■ Petitioner claims that he was told that, "his mother would be indicted if he didn't plea [guilty] to the charge" (Dkt. No. 34 p. 5). Due to this fear, and pressure of counsel, Petitioner argues that his guilty plea was unlawfully induced. *Id.* The Government asserts that since Petitioner failed to make this objection at sentencing or on direct appeal, Petitioner may no longer raise this issue. However, this is not correct. In *Bradbury v. Wainright,* the court held that, "[o]nce a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived and only an attack on the voluntary and knowing nature of the plea can be sustained." *Bradbury,* 658 F.2d 1083 (5th Cir. Unit N. 1981), *citing McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Therefore, Petitioner did not waive his right to assert that his plea of guilty was unlawfully induced through coercion.

■ However, Petitioner's motion may be denied on other grounds. At the time of his guilty plea, Petitioner assured this Court that his plea was voluntary and his plea was not due to threats or coercion (Dkt. No. 27 p. 6). In addition, during sentencing Petitioner had another opportunity to be heard but again failed to allege coercion (Dkt. No. 28 pp. 2–15). Then in his § 2255 motion, Petitioner merely asserts facts indicating that there was unlawful coercion, without any credible, supporting evidence. In *United*

*States v. Le,* the Court held that "[w]here the files and records indicate lack of merit of a § 2255 claim, the Court is not required to hold an evidentiary hearing." 846 F.Supp. 982, 982 (11th Cir.1994) citing *United States v. Lagrone,* 727 F.2d 1037 (11th Cir.1984) and *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir.1983). *Accord Williams v. United States,* 443 F.2d 1151, 1153 (5th Cir. 1971). In this case, the files and records clearly indicate a lack of merit to Petitioner's claims, and Petitioner fails to provide any credible, supporting evidence. Therefore, this Court declines to hold an evidentiary hearing on this issue.

### B. Violation of the Privilege Against Self-incrimination

■ Petitioner claims that his conviction was obtained in violation of the privilege against self-incrimination. The Government correctly points out that Petitioner waived the constitutional privilege against self-incrimination by pleading guilty.[1] When a guilty plea is entered, the defendant waives "numerous constitutional rights.... [including] the right to a jury trial, the right to call witnesses, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination." *United States v. Bushert,* 997 F.2d 1343, 1347 (11th Cir.1987) (citations omitted). *Also see Wilson v. United States,* 962 F.2d 996, 996 (11th Cir.1992) *citing Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. Unit B 1981). In this case, when Petitioner entered a guilty plea, he waived all of his nonjurisdictional challenges to the constitutionality of the conviction including the privilege against self-incrimination. *Id.* In addition, the record shows that Petitioner understood and agreed to waive this right when he made his guilty plea (Dkt. No. 27 pp. 7–8).

### C. Denial of Effective Assistance of Counsel

■ Petitioner claims that his counsel failed to 1) request a suppression hearing; 2) enter a motion of acquittal after the Government destroyed or misplaced the evidence; 3) investigate or challenge the Government's discovery; or 4) challenge the reliability of the confidential informant (Dkt. No. 34 pp. 6–7). In addition, Petitioner alleges that Counsel received the Government's discovery only two days before the scheduled trial date implying that his counsel did not have time to prepare for trial (Dkt. No. 34 p. 6).[2]

The Government correctly points out that Petitioner fails to allege prejudice in his claim of ineffective assistance of counsel. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court set out two elements the defendant must show to establish ineffective assistance of counsel. This two-part test applies to claims of ineffective counsel when the defendant has pled guilty. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). First, defendant must show that the counsel's performance was deficient. *Strickland v. Washington,* 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* at 693–96, 104 S.Ct. at 2067–69. In the context of a guilty plea, this means that Petitioner must show that but for his counsel's deficient performance, Petitioner would not have pled guilty and would have gone to trial. *United States v. Phy Phong Le,* 846 F.Supp. 982 (M.D.Fla.1994). Therefore, even if Petitioner's claims are true, and even if his counsel's performance was deficient, Petitioner failed to claim that but for his counsel's errors, he would not have pled guilty.

### D. Denial of Right of Appeal

■ Petitioner complains that he was not advised of his right to appeal and was denied

---

1. However, the case law the Government cited did not support this conclusion. The Government relied on *United States v. Peloso,* 824 F.2d 914 (11th Cir.1987) which held that a Rule 32 issue brought up for first time in 28 U.S.C. § 2255 motion was barred when the defense failed to challenge the presentence report at trial.

2. Petitioner also alleged that, "Counsel was not the counsel of record for the case which he conspired with the Government to use as a bargaining tool to get the movant to plea to the stated charge." (Docket No. 34 p. 7). This Court cannot discern Petitioner's final contention.

his right of appeal due to the fact that his counsel failed to submit a notice of appeal within the required ten (10) day period (Dkt. No. 34 p. 4, 6). This Court assumes that Petitioner is referring to his general right of appeal. The Government contends that Petitioner waived this right (Dkt. No. 41 pp. 3–4). The court records show that when he made his guilty plea, Petitioner was informed, and consented to, waiving his right to appeal (Dkt. No. 27 p. 8). If a defendant knowingly and voluntarily waives the right to appeal, his sentence is generally enforceable. *United States v. Bushert*, 997 F.2d 1343, 1343 (11th Cir. Fla.1993) (1993). Moreover, courts have stated that it is not necessary to advise a defendant of any right to appeal after a guilty plea is made. *Williams v. United States*, 443 F.2d 1151, 1154 (5th Cir. Fla. 1971) (citations omitted).

## III. CONCLUSION

ORDERED that the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody be **denied,** and this case is **dismissed.** The Clerk of Court shall enter a final judgment of dismissal.

DONE AND ORDERED.